GERSHOM M. FITCH & another *vs.* STEPHEN STEVENS & another.

If an action to recover damages assessed for flowing lands by a mill dam is brought jointly against the person who owned the mill when the damages were assessed, and the person who occupied it when the action was brought, the plaintiff may amend by discontinuing against the former.

SHAW, C. J. This is an action of debt against the two defendants jointly. The declaration sets out, that heretofore the plaintiffs, being owners of lands flooded by a dam erected by the defendant Stephen Stevens, instituted proceedings for damages, and obtained a verdict and judgment, and elected to take the gross damages awarded. It then avers, that the defendant, Jonathan C. Stevens, has become the owner and occupant of the mill, for the use of which said dam was erected and is maintained, whereby an action hath accrued to the plaintiffs, to recover said sum of them. The action is founded on the Rev. Sts. *c.* 116, § 24

The plaintiffs heretofore moved for leave to discontinue against Stephen Stevens, which motion was allowed, and the

allowance thereof excepted to, as not within the provisions of Rev. Sts. *c.* 100, § 7, allowing such discontinuance, in any ac tion founded on contract. Were the authority to stand on this provision alone, we should be strongly inclined to think it sufficient to warrant such amendment. A judgment is evidence of a contract The provision of the revised statutes, on which this action is brought, recognizes it as such, by giving an action of debt or assumpsit to recover it. But we think it comes under the general provision, allowing amendments, Rev. Sts. *c.* 100, § 22 ; and even before these statute provisions, similar amendments were allowed, under the general authority of courts over causes pending before them. *Colcord* v. *Swan,* 7 Mass. 291. *Rehoboth* v. *Hunt,* 1 Pick. 224.

*Exceptions overruled.*

*Wells,* for the plaintiffs.
*Sumner,* for J. C. Stevens.